IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES, | § |
| | § |
| | § Cr. No. C-05-54 |
| v. | § |
| | § |
| GUALBERTO LUIS. | § |

**ORDER DENYING MOTION TO SUBSTITUTE COUNSEL**

Defendant Gualberto Luis ("Luis") was convicted after a jury trial and sentenced by Chief Judge Head on June 23, 2005. Final judgment was entered against him on June 30, 2005, and he timely appealed. (D.E. 29, 30). He was represented by appointed counsel Amador C. Garcia in the underlying trial and at sentencing, and Garcia is also appointed to represent him on appeal. (D.E. 5, 7, 27). Garcia has not sought leave to withdraw.

On June 29, 2005, the Clerk received a pro se notice from Luis requesting new counsel. The reasons he gives for his request are as follows:

> I was also very unsatisfied with my attorny [sic] he didn't really give an effort to help me he just showed up in court because he had to be there. I don't know how all this processing of the court system worked and he didn't advice [sic] me like I have seen other attorneys in court advice [sic] their clients. So I would like to request for a different attorny [sic] if I get my appeal.

(D.E. 31). Luis does not identify any specific errors by his counsel, nor does he claim that his attorney has a conflict of interest. Rather, he makes only general, conclusory comments that reflect his feeling that his lawyer did not sufficiently communicate with him and advise him.

An indigent criminal defendant is entitled to constitutionally effective counsel to advocate for him in his criminal case and on direct appeal. Fed. R. Crim. P. 44 (a financially eligible defendant

1

is "entitled to have counsel appointed to represent [her] at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right").  He is not entitled, however, to the counsel of his choosing or to any specific counsel.  Indeed, the Supreme Court has explicitly rejected the claim that the Sixth Amendment guarantees a meaningful relationship with counsel. United States v. Hughey, 147 F.3d 423, 428 n.2 (5th Cir. 1998) (citing Morris v. Slappy, 461 U.S. 1, 13 (1983)); see also Wheat v. United States, 486 U.S. 153, 158 (1988)("the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers").

In the absence of any specific claim of error, conflict of interest, or other claim justifying the substitution of counsel, the undersigned declines to substitute counsel.  For the foregoing reasons, Luis' motion for substitute counsel is DENIED.

It is ORDERED this 11th day of July, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE